Alan Smikun, Esq. (AS-2460)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alansm@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COURCHEVEL 1850 LLC,                                               Civil Action No.:

                         Plaintiff,

      -against-

ABDERRAHMA OULDKHATTRI A/K/A ABDERRAHMA OULD-KHATTRI; 464 OVINGTON LLC; BLUE DIAMOND FUEL OIL CORP; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD;

and JOHN DOE "1" through "12", said persons or parties having or claimed to have a right, title or interest in the mortgaged premises herein, their respective names are presently unknown to Plaintiff,

                         Defendants.
-----------------------------------------------------------------X

## COMPLAINT

COURCHEVEL 1850 LLC ("Courchevel" or "Plaintiff") by and through its attorneys, The Margolin & Weinreb Law Group, LLP, as and for its Complaint to foreclose the premises and mortgage against Abderrahma Ouldkhattri A/K/A Abderrahma Ould-Khattri ("Ouldkhattri"), 464 Ovington LLC ("Ovington"), Blue Diamond Fuel Oil Corp. ("Blue Diamond"), City of New York Environmental Control Board ("ECB") and John Doe "1" through "12" (together with Ouldkhattri

collectively referred to as the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose a second mortgage encumbering the property commonly known 464 Ovington Avenue, Brooklyn, New York 11209 also known as Block: 5892; Lot: 38 on the Kings County Tax Map (the "Property"). The legal description of the Property is attached as **Exhibit A**.

## PARTIES

2. Courchevel is a limited liability company organized under Delaware law with its principal place of business located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3. Courchevel is a single-member limited liability company.

4. Courchevel's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida and therefore, for diversity purposes, Courchevel is a citizen of Florida.

5. Upon information and belief, Ouldkhattri is a citizen of the United States and a resident of the State of New York having an address at 6001 4th Avenue, Brooklyn, New York 11220 and as such, for diversity purposes, is a citizen of New York.

6. Ouldkhattri is necessary party-defendant to this action because he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; (iii) is the mortgagor under the Mortgage and (iv) is the owner of record of the Property.

7. Upon information and belief, 464 Ovington LLC ("Ovington") is a New York Limited Liability Company organized under the laws of the State of New York with its principal place of business located at 9322 Third Avenue Suite 502, Brooklyn, New York 11209.

8. Upon information and belief, Ovington is a single-member limited liability company.

9. Upon information and belief, Ovington's single member is a citizen of the United States who resides in New York, for diversity purposes, Ovington is a citizen of New York.

10. Ovington is a necessary party-defendant to this action because it is the owner of record only by virtue of the execution of a deed recorded on March 30, 2016 in City Register File Number 2016000111541.

11. Blue Diamond Fuel Oil Corp. ("Blue Diamond") is a domestic business corporation organized under the laws of the State of New York with its principal place of business located at 7924 11th Avenue, Brooklyn, New York 11228. As such, for purposes of diversity jurisdiction, Blue Diamond is a citizen of New York State.

12. Blue Diamond is a necessary party-defendant to this action because it is a secured party creditor by virtue of a Uniform Commercial Code ("UCC") Financing Statement filed on March 6, 2009 and recorded in the Office of the City Register of the City of New York County of Kings in City Register File Number 2009000066242 as against Mousa Kalil, who was once a part owner of the Property. Said UCC Financing Statement is subordinate to the Lien of Plaintiff.

13. The City of New York Environmental Control Board ("ECB") was established under §1404 of the New York City Charter and operates as an administrative tribunal of the City of New York. As such, for purposes of diversity jurisdiction, the ECB with its principal place of

business located at 1250 Broadway, 7th Floor, New York, New York 10001, is a citizen of New York State.

14. ECB is a necessary party-defendant to this action based on certain filed liens and/or judgments against the Property which are subordinate to the Lien of Plaintiff.

15. Upon information and belief, John Doe 1 through 12 are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Property. Such defendants are joined as party-defendants herein for the purpose of foreclosing and terminating their respective interests, if any, in and to the Property.

16. Each of the above-named defendants has, or claimed to have or may claim to have, some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the mortgage lien.

## JURISDICTION AND VENUE

17. This action is between citizens of different states.

18. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

19. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

20. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

21. A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

22. On February 7, 2006, Ouldkhattri executed a Note to First Franklin a Division of Nat. City Bank of In., whereby it loaned to Ouldkhattri and Ouldkhattri agreed to repay, the sum of $199,800.00 plus interest. A copy of the Note with Endorsements and corresponding Allonges are attached hereto as **Exhibit B**.

23. To secure the repayment of the Note, Ouldkhattri executed a Mortgage to Mortgage Electronic Registration Systems, Inc., as Nominee for First Franklin a Division of Nat. City Bank of In. The applicable mortgage tax was paid. See Recorded Mortgage at **Exhibit "C"**.

24. Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage. See Affidavit of Jared Dotoli ("Dotoli") ¶7 at **Exhibit "D"**.

25. The Note was endorsed from First Franklin a Division of Nat. City Bank of In., specifically to First Franklin Financial Corporation.

26. The Note was further endorsed by an Allonge to the Note to Dreambuilder Investments LLC. Said Allonge is firmly affixed to the Note.

27. The Note was further endorsed by an Allonge to the Note to RCS Recovery Services, LLC. Said Allonge is firmly affixed to the Note.

28. The Note was further endorsed by an Allonge to the Note to Blue Lagoon LLC. Said Allonge is firmly affixed to the Note.

29. The Note was further endorsed by an Allonge to the Promissory Note to Courchevel 1850 LLC executed December 2, 2016. Said Allonge is firmly affixed to the Note.

30. Ouldkhattri has failed to comply with the terms and provisions of the Mortgage by failing to pay the installment balance due on the first day of August 25, 2010 and the default continues to date.

31. Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was mailed on October 12, 2016 (the "Default Notice") advising Ouldkhattri that Plaintiff has the option to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. A copy of the Default Notice with proof of mailing is attached as **Exhibit "E"**.

32. Plaintiff is not required to send 90-day notices pursuant to RPAPL §1304 because Ouldkhattri does not reside at the Property nor is he owner of the Property.

33. Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-l of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

34. As of the date herein, Ouldkhattri has failed to respond to the Default Notice.

35. Due to the above-described default, Ouldkhattri is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges totaling $324,072.54 as of October 12, 2016 (*See* **Exhibit "E"**.)

36. Due to the above-described default, Ouldkhattri is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

37. Due to the above-described default, Ouldkhattri is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

38. Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

    a. Any state of facts that an inspection of the Property would disclose.

    b. Any state of facts that an accurate survey of the Property would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the property is located and possible violations of same.

    e. Any right of tenants or person in possession of the Property.

    f. Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

39. If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any

independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

40. Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

41. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that Abderrahma Ouldkhattri

may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

Dated: Syosset, New York
       December 30, 2016

THE MARGOLIN & WEINREB LAW GROUP, LLP
Attorneys for Plaintiff, COURCHEVEL 1850 LLC

By: _____
Alan Smikun, Esq.
165 Eileen Way, Suite 101
Syosset, New York 11791
(516) 921-3838
Alansm@nyfclaw.com