UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
COURCHEVEL 1850 LLC,

       Plaintiff,

   -against-

464 OVINGTON LLC, BLUE DIAMOND FUEL
OIL CORP., CITY OF NEW YORK
ENVIRONMENTAL CONTROL BOARD, and
ABDERRAHMA OULDKHATTRI,

       Defendants.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-7185 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

In this diversity action, Plaintiff Courchevel 1850 LLC brings claims against 464 Ovington LLC ("Ovington"), Blue Diamond Fuel Oil Corporation, John Does 1-12, the City of New York Environmental Control Board, and Aberrahma Ouldkhattri to foreclose a second mortgage encumbering a property. (Compl. (Dkt. 1).) Ovington is the only Defendant to have appeared. (See Clerk's Entry of Default (Dkt. 22).) Plaintiff now moves for summary judgment (Mot. for Summ. J. ("Pl. Mot.") (Dkt. 29)), and Ovington cross-moves for an abstention or stay (Cross Mot. for Abstention ("Ovington Mot." (Dkt. 30)). For the following reasons, Ovington's cross-motion for an abstention or stay is DENIED, and Plaintiff's motion for summary judgment is GRANTED.

I.  BACKGROUND

 A.  Facts

The court constructs the following statement of facts from the parties' Local Rule 56.1 statements and the admissible evidence they submitted. Except as otherwise noted, the following facts are undisputed.

1

Plaintiff is a limited liability company organized under Florida law; its single member is a United States citizen domiciled in the State of Florida. (Pl. Rule 56.1 Statement ("Pl. 56.1") (Dkt. 29-3) ¶¶ 1-2.)[1] Ovington is a limited liability company organized under New York law; its single member is a United States citizen residing in New York. (Id. ¶¶ 4-5.)

On February 7, 2006, Defendant Abderrahma Ouldkhattri executed a Secured Promissory Note (the "Note") and Mortgage (the "Second Mortgage") to First Franklin, a Division of National City Bank of Indiana ("First Franklin"), whereby it loaned to Ouldkhattri and Ouldkhattri agreed to pay it $199,800.00 plus interest. (Id. ¶ 7; Compl. (Dkt. 1) ¶¶ 22-23; Note (Dkt. 1-2); Mortgage (Dkt. 1-3).) The Second Mortgage encumbered the property commonly known as: 464 Ovington Avenue, Brooklyn, New York 11209, also known as Block: 5892; Lot: 38 on the Kings County Tax Map (the "Property"). (See Affirmation of Randy J. Schaefer in Supp. of Pl. Mot. for Summ. J. ("Schaefer Affirmation") (Dkt. 29-1) ¶ 7; Mem. in Supp. of Cross Mot. to Stay ("Ovington Mem.") at 3; Compl. ¶ 1.) It was the second mortgage encumbering the Property. (See Ovington Mem. at 3; Decl. of Tim Ziss ("Ziss Decl.") (Dkt. 30-1) ¶ 3.) The first was executed on the same date to secure another loan from First Franklin (the "First Mortgage") (Ziss Decl. ¶ 2), and the Property was later encumbered by a third mortgage lien (the "Third Mortgage") granted to Congregation Imrei Yehudah ("Congregation") (id. ¶ 6).

In 2008, Congregation commenced a foreclosure action in Supreme Court, Kings County with respect to the Third Mortgage. (Id. ¶ 7.) It obtained a judgment of foreclosure and sale in 2011, and subsequently purchased the Property at the referee's auction, subject to the First Mortgage and the Second Mortgage. (Id.) Congregation then sold the Property to Ovington by

---

[1] For ease of reference, the court cites to paragraphs of Plaintiff's Local Rule 56.1 statement where Defendants do not dispute the assertions therein.

2

deed recorded with the Kings County Clerk on March 30, 2016, so that Ovington is now the record title holder of the Property. (Id. ¶ 8.)

In 2009, Deutsche Bank commenced a foreclosure action in Supreme Court, Kings County with respect to the First Mortgage (the "State Proceeding"), naming, inter alia, Ouldkhattri, Congregation, and Mortgage Electronic Registration Systems, Inc. ("MERS"), Plaintiff's predecessor in interest,[2] as defendants. (Id. ¶ 10; Compl., Deutsche Bank v. Ouldkhattri, Index No. 7372-2009 (N.Y. Sup. Ct. Mar. 26, 2009) (Dkt. 30-5).) Ouldkhattri and MERS both defaulted in the State Proceeding, but Congregation, Ovington's predecessor in interest, did appear. (Ziss Decl. ¶ 11.) At the time of the parties' briefing on the present cross-motions, the State Proceeding had not been resolved. (Id. ¶ 12.)

## B. Procedural History

Plaintiff filed its complaint in this court on December 30, 2016, seeking foreclosure of the Property and asserting diversity jurisdiction. (Compl.) Ovington answered on April 7, 2017. (Answer (Dkt. 18).) Discovery proceeded before Magistrate Judge Ramon E. Reyes, and was completed on August 21, 2017. (Aug. 21, 2017 Order Certifying Discovery is Complete.) Plaintiff moved for summary judgment (Mot. for Summ. J. ("Pl. Mot.") (Dkt. 29)), and Ovington cross-moved for an abstention or stay (Cross Mot. to Stay ("Ovington Mot." (Dkt. 30)). The fully briefed motions were filed on October 13, 2017. (See Pl. Mot.; Ovington Mot.; Pl. Mem. in Opp'n to Ovington Mot. ("Pl. Opp'n") (Dkt. 31).)

Plaintiff argues that it is entitled to summary judgment because it has proved its prima facie case under New York law, and Ovington has not raised any meritorious affirmative defense. (Mem. in Supp. of Summ. J. ("Pl. Mem.") (Dkt. 29-4) at 1.) Plaintiff also requests that

---

[2] Ovington informed the court that MERS was Plaintiff's predecessor in interest (Ovington Mem. at 7), and Plaintiff has not disputed that assertion.

3

the court dismiss John Doe #1 through #12 from this action without prejudice, and remove their names from the caption. (Id.) In response, Ovington moved for an abstention or stay in light of the ongoing State Proceeding. (Ovington Mem. at 1-2.) Ovington also argues that, if the court denies its motion, it should also deny Plaintiff's motion for summary judgment because Plaintiff has not sufficiently alleged that it properly notified the borrower, which Ovington claims is a condition precedent for commencing this foreclosure action. (Id. at 2.) Plaintiff responds that abstention is inappropriate because the State Proceeding is not truly parallel to the present case, and that Ovington may not raise failure to comply with a notice requirement laid out in a mortgage contract to which it was not a party. (Pl. Opp'n at 2.)

## II.   MOTION FOR ABSTENTION

### A.   Legal Standard

A motion for abstention is considered a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Wilmington Trust, Nat'l Ass'n v. Estate of McClendon, 287 F. Supp. 3d 353, 360 (S.D.N.Y. 2018); City of New York v. Milhelm Attea & Bros., Inc., 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008). And under Rule 12(b)(1), the court must dismiss a claim "when the . . . court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When considering a motion under Rule 12(b)(1), the court "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon, 752 F.3d at 243. But "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists,'" id. (quoting Makarova, 201 F.3d at 113), and courts evaluating Rule 12(b)(1) motions may consider evidence outside the pleadings, see Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).

4

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. at 817 (quotation marks and citations omitted). In determining whether abstention is appropriate, the court's task is "to ascertain whether there exist exceptional circumstances" that "justify the surrender of that jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983) (quotation marks omitted) (emphasis in original). "A finding that proceedings are parallel is a necessary prerequisite to the exercise of Colorado River abstention." Great South Bay Med. Care, P.C. v. Allstate Ins. Co., 204 F. Supp. 2d 492, 496 (E.D.N.Y. 2002). (citing Dittmer v. Cty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998)).

In determining whether abstention is appropriate under Colorado River, the court considers six factors: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights." De Cisneros v. Younger, 871 F.2d 305, 207 (2d Cir. 1989). "[T]he balance [is] heavily weighted in favor of the exercise of jurisdiction." F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999) (quoting De Cisneros, 871 F.2d at 307) (quotation marks omitted).

B.  Discussion

Colorado River abstention is inappropriate here because the state court proceeding is not parallel to the present action. Lawsuits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in multiple jurisdictions. See Dittmer, 146 F.3d at 117-18; see also Great South Bay Med. Care, 204 F. Supp. 2d at 496.

5

However, "[p]erfect symmetry of parties and issues is not required." Roy v. Bank of New York Mellon, No. 17-CV-6729 (MKB), 2018 WL 4771898, at *4 (E.D.N.Y. Sept. 30, 2018) (quoting Potente v. Capital One, N.A., No. 16-CV-3570, 2018 WL 1882848, at *4 (E.D.N.Y. Apr. 19, 2018)). "Parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case," id. (quoting Mazuma Holding Corp. v. Bethke, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014)), but "[a]ny doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction," Mazuma, 1 F. Supp. 3d at 20 (quoting In re Comverse Tech., Inc., No. 06-CV-1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)).

Plaintiff contends that the two cases are not parallel because they do not involve the same mortgage. (Pl. Opp'n 8-10.) The court agrees. If the court here finds in favor of Plaintiff, that will not affect the rights asserted by Deutsche Bank in the State Proceeding. See, e.g., Commercial Trading Co., Inc., v. Little N. Parkway Realty Corp., 245 N.Y.S.2d 731, 733 (N.Y. Sup. Ct. 1963) ("[N]o existing rights of the first mortgagee . . . can be adversely affected by the foreclosure of the second mortgage."). And while Plaintiff is a necessary party to the state court proceeding, Deutsche Bank, as a senior lien-holder, is neither a necessary nor a proper party here. (N.Y. Real Property Actions & Proceedings Law ("RPAPL) § 1311; see also E. N.Y. Sav. Bank v. Alston, 547 N.Y.S.2d 198, 199 (N.Y. Sup. Ct. 1989) ("[N]ecessary defendants are those whose interest is claimed to be subject and subordinate to the plaintiff's lien. . . . The only proper parties to a foreclosure action are the mortgagee and mortgagor and those who have acquired rights under them subsequent to the mortgage." (quoting RPAPL § 1311; Stevens v. Breen, 16 N.Y.S.2d 909, 912 (N.Y. App. Div. 1940)) (quotation marks omitted)). Of course, Plaintiff's rights may be affected by the State Proceeding. But that case deals with Deutsche Bank's

foreclosure claim, not Plaintiff's. Plaintiff's claim of foreclosure will not be addressed in the State Proceeding. As Plaintiff notes, all the cases Ovington cites to support its motion for abstention involve simultaneous actions involving the <u>same mortgage</u>, not two different mortgages on the same property. (See Pl. Opp'n at 8-10; Ovington Mem. at 7-8.) See <u>Four Star</u>, 178 F.3d at 99; <u>Teves Realty, Inc. v. Bartley</u>, 14-CV-3227 (RRM), 2017 WL 1232443, at *1 (E.D.N.Y. Mar. 31, 2017). And, as illustrated by the simultaneous state court proceedings involving the First and Third Mortgages in this case (<u>see</u> Ziss Decl. ¶¶ 7-10), simultaneous foreclosure proceedings involving the same property but different mortgages are not problematic, even when proceeding separately in front of the same court.

Because the single claim at issue here will not be addressed by the State Proceeding, the cases are not parallel. See <u>Roy</u>, 2018 WL 4771898, at *4 ("Parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." (quoting <u>Mazuma</u>, 1 F. Supp. 3d at 20)). Abstention is therefore inappropriate, and the court need not address the six <u>Colorado River</u> factors.

### III. MOTION FOR SUMMARY JUDGMENT

#### A. Legal Standard

A court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material' fact is one capable of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." <u>Figueroa v. Mazza</u>, 825 F.3d 89, 98 (2d Cir. 2016) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). "The movant may discharge this burden by showing that the nonmoving party has 'fail[ed] to make a

7

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 255 F. Supp. 3d 443, 451 (S.D.N.Y. 2015) (alteration in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "'The mere existence of a scintilla of evidence' in support of the non-movant will be insufficient to defeat a summary judgment motion." Transflo Terminal Servs., Inc. v. Brooklyn Res. Recovery, Inc., 248 F. Supp. 3d 397, 399 (E.D.N.Y. 2017) (quoting Anderson, 477 U.S. at 252).

"In determining whether an issue is genuine, '[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion.'" SCW W. LLC v. Westport Ins. Corp., 856 F. Supp. 2d 514, 521 (E.D.N.Y. 2012) (quoting Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995)). "[T]he judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Redd v. N.Y. Div. of Parole, 678 F.3d 166, 173-74 (2d Cir. 2012) (quoting Anderson, 477 U.S. at 249). However, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," and "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted).

Summary judgment in a mortgage foreclosure action brought under New York law is generally appropriate where the note and the mortgage are produced to the court along with proof that the mortgager has failed to make payments due under the note. Builders Bank v. Warburton River View Condo LLC, No. 09-CV-5484 (VB), 2011 WL 6370064, at *2 (S.D.N.Y.

Dec. 20, 2011) (citing Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs., 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001); FGH Realty Credit Corp. v. VRD Realty Corp., 647 N.Y.S.2d 229, 230 (N.Y. App. Div. 1996)). "Once plaintiff has established its prima facie right to foreclose by presenting the note, mortgage, and proof of default the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." E. Sav. Bank, F.S.B. v. Rabito, No. 11-CV-2501 (KAM), 2012 WL 3544755, at *5 (E.D.N.Y. Aug. 16, 2012) (quoting Builders Bank, 2011 WL 6370064, at *2).

**B.   Discussion**

As an initial matter, Plaintiff has requested that the court dismiss defendants John Doe 1-12 from this action without prejudice. (Pl. Mem. at 1.) Defendant does not address this request in their response. As it is apparently unopposed, the court will grant Plaintiff's request and defendants John Doe 1-12 are DISMISSED from the case without prejudice.

1.   Plaintiff's Prima Facie Case

Plaintiff argues that it has successfully established its prima facie right to foreclose based on the documents it attached to its complaint, the validity of which Ovington has not contested. (Pl. Mem. at 3.) Plaintiff has successfully met its prima facie burden to provide this court with the Note and the Mortgage, along with proof that has failed to make payments due under the note. (Note; Mortgage; Oct. 12, 2016 Notice of Default (Dkt. 1-5); Aff. of Jared Dotoli ("Dotoli Aff.") (Dkt. 1-4) ¶ 11.) See Builders Bank, 2011 WL 6370064, at *2 (citing Merritt Park Lands Assocs., 139 F. Supp. 2d at 465; FGH Realty Credit Corp., 647 N.Y.S.2d at 230).

Ovington responds that Plaintiff has not established its prima facie case, however, because Plaintiff has not presented sufficient evidence that it complied with a condition precedent. (Ovington Mem. at 12.) Ovington states that, where the mortgage requires that a 30-

day default notice be given before a default can be declared, New York law requires the lender to establish its compliance with this condition precedent as a part of its prima facie case. (See id. at 12 (citing Wells Fargo Bank, N.A. v. Eisler, 988 N.Y.S.2d 682, 682 (N.Y. App. Div. 2014); GMAC Mortg., LLC v. Bell, 11 N.Y.S.3d 73, 74 (N.Y. App. Div. 2015)).

But Ovington may not assert a breach of a notice requirement contained in an agreement to which it was not a party. Under New York law, "the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract." Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 86 (2d Cir. 2014) (citations omitted); see also Arrow Louver & Damper Div. of Arrow United Indus., v. N.Y.C. Transit Auth., 482 N.Y.S.2d 844, 846 (N.Y. App. Div. 1984) ("[A]s a stranger to the contracts, plaintiff lacks standing to sue for the enforcement of their provisions, or for a declaration as to their meaning."). As the Second Circuit noted in Rajamin, courts have repeatedly applied this rule to find that mortgagors may not raise alleged breaches of assignment agreements regarding their loans and mortgages when they were not parties to that agreement. See id. at 86-87 (citing Cimerring v. Merrill Lynch Mortg. Investors Inc., No. 8727/2011, 2012 WL 2332358, at *9 (N.Y. Sup. Ct. Kings Co. June 13, 2012); Reinagel v. Deutsche Bank National Trust Co., 735 F.3d 220, 228 n.29 (5th Cir. 2013)). This rule applies to defendants asserting contractual breach as a defense as well as to plaintiffs bringing a claim. See Bank of New York Mellon v. Gales, 982 N.Y.S.2d 911, 912 (N.Y. App. Div. 2014) (affirming the lower court's denial of the defendant mortgagors' motion to dismiss to the foreclosure complaint because the defendants "did not have standing to assert noncompliance with the subject lender's pooling service agreement" because they were not parties to that agreement). Ovington has not offered any reason its case is different, and the cases it cites in support of its argument each appear to involve a dispute between a mortgagor

and mortgagee, both of whom were parties to the allegedly breached contract. See Eisler, 988 N.Y.S.2d at 683; Bell, 11 N.Y.S.3d at 74; HSBC Mortg. Corp. (USA) v. Gerber, 955 N.Y.S.2d 131, 132 (N.Y. App. Div. 2012). The court finds, therefore, that Ovington should not be permitted to defeat Plaintiff's claim by relying on a provision of a contract to which it is not a party. The court will not further consider Plaintiff's alleged breach of the contractual notice provision.

### 2. Ovington's Affirmative Defenses

"Once plaintiff has established its prima facie right to foreclose by presenting the note, mortgage, and proof of default the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." E. Sav. Bank, 2012 WL 3544755, at *5 (quoting Builders Bank, 2011 WL 6370064, at *2). In its answer, Ovington asserts six affirmative defenses, none of which have merit. One is a request for abstention, which the court addressed supra in determining Ovington's motion for abstention. The court discusses each remaining affirmative defense in turn, finding that none is sufficient to overcome Plaintiff's presumptive right to foreclose.

#### a. *Failure to State a Claim for Relief*

The court has already found that Plaintiff has stated its prima facie claim to relief, and so rejects this defense. See Gustavia Home, LLC v. Krupnikova, No. 16-CV-2104 (NGG), 2018 WL 6421111, at *5 (E.D.N.Y. Dec. 6, 2018) (rejecting failure-to-state-a-claim defense because the plaintiff provided sufficient evidence of "the existence of an obligation secured by a mortgage and a default on that obligation, and these allegations were sufficient to state a cause of action for mortgage foreclosure under New York law" (citations omitted)); Signature Bank v. HKD Prods., Inc., No. 12-CV-6149 (JFK), 2013 WL 1130247, at *2 (S.D.N.Y. Mar. 19 2013)

(rejecting failure-to-state-a-claim defense because the plaintiff had established its prima facie case).

### b. *Lack of Jurisdiction*

As its second, third, and fourth affirmative defenses, Ovington asserts that Plaintiff lacks standing (Answer ¶ 24), that the court lacks subject matter jurisdiction (id. ¶ 25), and that there is no diversity jurisdiction (id. ¶ 26). The court address these three defenses together, and finds them to be without merit.

Plaintiff has alleged that, for diversity purposes, it is a citizen of Florida and all named defendants are citizens of New York. (Compl. ¶¶ 4-5, 9, 11, 13.) It its answer, Ovington either admitted to these allegations or denied having sufficient knowledge to form a belief as to their truth. (Answer ¶¶ 3-6.) Plaintiff further alleged, and Ovington admitted, that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. (Compl. ¶ 18; Answer ¶ 10.) In its answer, Ovington did not allege any additional facts indicating a lack of diversity, and it did not address this issue in its briefing on the present motions. (See Answer; Ovington Mem.) The court determines, therefore, that it has jurisdiction under 28 U.S.C. § 1332 because the adverse parties are completely diverse and the amount in controversy exceeds $75,000.

Additionally, Plaintiff has standing to bring this claim. "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." Bank of N.Y. v. Silverberg, 926 N.Y.S.2d 532, 537 (N.Y. App. Div. 2011). Plaintiff has filed an Affidavit of Note Possession (Dotoli Aff.), as well as copies of the Mortgage and the Note (with several allonges attached indicating assignments, including an assignment to Plaintiff) (Dkts. 1-2, 1-3). This is sufficient to establish possession of the Note and the Mortgage, and Ovington

has not submitted any controverting evidence or addressed this issue in its briefing on the present motions. (See Answer; Ovington Mem.) Ovington has not provided, and the court is not aware of, any fact indicating that it lacks jurisdiction over the case.

### c. Unclean Hands

As its final affirmative defense, Ovington claims that "Plaintiff has unclean hands" because "Plaintiff's predecessor in interest granted the mortgage loan to the original borrower based on a representation that the Property was the borrower's principal residence, when the original lender was fully aware that it was not." (Answer ¶ 28.) Under New York law, the doctrine of unclean hands "applies when the complaining party shows that the offending party is guilty of immoral, unconscionable conduct," and may only be invoked "when the conduct relied on is directly related to the subject matter in the litigation and the party seeking to invoke the doctrine was injured by such conduct." TufAmerica, Inc. v. Codigo Music LLC, 162 F. Supp. 3d 295, 328 (S.D.N.Y. 2016) (quoting Genger v. Genger, 76 F. Supp. 3d 488, 502 (S.D.N.Y. 2015) (quotation marks omitted)).

The court rejects this defense because Ovington has not alleged that it suffered an injury as a result of any allegedly immoral behavior, and there is no evidence in the record indicating any such injury. See, e.g., Ortiz v. Silver Investors, Inc., 87 N.Y.S.3d 50, 52 (N.Y. App. Div. 2018) (rejecting claim of unclean hands where, inter alia, the complaining party had not shown that it suffered an injury as a result of the allegedly immoral behavior); Columbo v. Columbo, 856 N.Y.S.2d 159, 160 (N.Y. App. Div. 2008) (same); Kopsidas v. Krokos, 742 N.Y.S.2d 406, 407 (N.Y. App. Div. 2002) (same).

13

## IV. CONCLUSION

For the foregoing reasons, Ovington's (Dkt. 30) cross-motion for an abstention or stay is DENIED, and Plaintiff's (Dkt. 29) motion for summary judgment is GRANTED. Defendants John Doe 1-12 are DISMISSED from the case without prejudice, and the Clerk of Court is respectfully DIRECTED to remove them from the docket as reflected in the above caption.

Plaintiff is DIRECTED to submit a proposed form of judgment of foreclosure and sale within 14 days of the entry of this order. Additionally, Plaintiff is DIRECTED, within 14 days of the entry of this order, either to file a motion for default judgment against Blue Diamond Fuel Oil Corporation, the City of New York Environmental Control Board, and Abderrahma Ouldkhattri or to file a notice of dismissal of its claims thereto.

SO ORDERED.

s/ Nicholas G. Garaufis

Dated: Brooklyn, New York
March 31, 2019

NICHOLAS G. GARAUFIS
United States District Judge